J. Greg Coulter; AZ Bar No. 016890
gcoulter@littler.com
Emily M. Craiger, AZ Bar No. 021728
ecraiger@littler.com
LITTLER MENDELSON, P.C.
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:    602.474.3600
Facsimile:    602.957.1801

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Okonkwo,<br><br>           Plaintiff,<br><br>v.<br><br>Glendale Union High School District, et al.,<br><br>           Defendants. | Case No. CV 08-00633 PHX-MHM<br><br>**MOTION FOR SANCTIONS** |

Pursuant to the Court's Order dated December 5, 2008, Defendants hereby submit their Motion for Sanctions.  Defendants are requesting the attorneys' fees they incurred preparing for the Settlement Conference scheduled for December 5, 2008, but cancelled because of Plaintiff's failure to submit a settlement conference memorandum.  For the reasons set forth below, Defendants are requesting their reasonable attorneys' fees in the amount of $3,958.50.

I.     **FACTUAL BACKGROUND**

On June 9, 2008, the Honorable Mary H. Murguia, this case's assigned District Court Judge, referred this case to Magistrate Judge Lawrence O. Anderson to conduct a settlement conference. On June 17, 2008, Judge Anderson issued his Settlement Conference Order (the "Order") scheduling the Settlement Conference for November 19, 2008.  The Order also

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

provided a timeline for the parties to exchange settlement demands and ordered each party to submit and exchange a settlement conference memorandum at least five (5) business days before the settlement conference.

On October 31, 2008, Plaintiff telephoned counsel for Defendants, Emily Craiger, regarding the location of the Settlement Conference. As a professional courtesy, Ms. Craiger provided the address of Judge Anderson's Courtroom to Plaintiff. In addition, although she was under no obligation to do so, she informed him that per the Order, he should have provided a settlement demand the previous day. *See* Exhibit 1, E-mail correspondence from E. Craiger to Plaintiff dated October 31, 2008. Ms. Craiger explained she would need a demand no later than November 2, 2008, and would not take any action with the Court regarding his delay. *Id.*

Plaintiff provided his demand, as agreed, on November 2, 2008. Despite Plaintiff's untimely demand, Defendants timely provided their counteroffer on November 7, 2008, in compliance with the Order. *See* Exhibit 2, E-mail correspondence from E. Craiger to Plaintiff dated November 7, 2008. In addition, on November 12, 2008, Defendants timely submitted their Settlement Conference Memorandum to Judge Anderson's Chambers and sent a copy to Plaintiff.

The following day, November 13, 2008, Plaintiff left Ms. Craiger a phone message stating he must postpone the Settlement Conference for personal reasons and also sent an e-mail stating the same. Ms. Craiger immediately responded by phone and e-mail to Plaintiff's request. *See* Exhibit 3, E-mail correspondence between E. Craiger and Plaintiff dated November 13, 2008. Ms. Craiger explained that Defendants would not object to postponing the Conference, but because it was Court-ordered, Plaintiff must make his request to the Court. *Id.* Plaintiff subsequently filed a motion requesting the Conference be postponed and held on a Friday. As agreed, Defendants did not object to Plaintiff's request. Accordingly, the Conference was rescheduled for December 5, 2008, and Defendants altered their schedules accordingly. Defendants, however, never received a settlement conference memorandum from Plaintiff.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

On December 4, 2008, Ms. Craiger was contacted by Judge Anderson's chambers regarding receipt of Plaintiff's Settlement Conference Memorandum. Ms. Craiger's Assistant explained they had not received a settlement conference memorandum from Plaintiff. The Judge's Chambers then asked if Ms. Craiger had a current telephone number for Plaintiff because he had not provided one to the Court. Ms. Craiger's Assistant promptly provided the number Plaintiff had provided to her. She also informed the Court that Defendants were prepared to attend the Settlement Conference scheduled for the following day with three client representatives. Because of Plaintiff's failure to timely submit his settlement conference memorandum, however, the Conference was cancelled. Defendants' counsel was forced to contact their client representatives on the morning of the scheduled conference to inform them they no longer needed to attend.

## II. LEGAL ARGUMENT

### A. The Court's Inherent Power To Award Attorneys' Fees

A federal court may award attorneys' fees as a sanction against parties or their lawyers for improper conduct based on any one of the following three sources of authority: (1) Federal Rule of Civil Procedure 11, which applies to pleadings filed with the court; (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the Court's inherent power. *Fink v. Gomez,* 239 F.3d 989, 991 (9th Cir. 2001). Defendants seek attorneys' fees under the third source of authority – the Court's inherent power.

Courts possess inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962). In doing so, it is well-established that a federal court has the inherent power to assess attorneys' fees when a party has acted in bad faith. *Chambers v. NASCO*, 501 U.S. 32, 45-46 (1991). In *Roadway Express v. Piper*, the Supreme Court reiterated the federal courts' inherent power to award attorneys' fees, when, among other things, the losing party has "acted in bad faith. . . or for oppressive reasons." *Roadway*, 447 U.S. 752, 766 (1980).

The Supreme Court reaffirmed the *Roadway* principles in *Chambers v. NASCO, Inc.*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-3-

when it emphasized the ongoing need to resort to the court's inherent power, since it is "both broader and narrower than other means of imposing sanctions" because it "extends to a full range of litigation abuses" while requiring a finding that a litigant acted in bad faith. *Chambers*, 501 U.S. at 46. The Court has described this inherent power as "unquestioned" and has reaffirmed its existence on numerous occasions. *See, e.g., Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 562 n.6 (1986); *Summit Valley Indus., Inc. v. Local 112, United Bhd. of Carpenters & Joiners*, 456 U.S. 717, 721 (1982); *Roadway Express, Inc v. Piper*, 447 U.S. 752, 766 (1980).

The Court's authority to award attorneys' fees for bad faith conduct is not restricted to cases where the action is filed in bad faith. *Roadway,* 447 U.S. at 766. As is the case here, "bad faith may be found not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Hall v. Cole*, 412 U.S. 1, 15 (1973). In recognizing the bad faith exception, the Supreme Court explains that such a fee award "vindicates judicial authority without resort to the more drastic sanctions available for contempt of court and makes the prevailing party whole for expenses caused by his opponent's obstinacy." *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978).

Several courts have imposed sanctions for a party's bad faith conduct during settlement negotiations. As the Fifth Circuit has observed, "[w]e cannot allow parties to waste the court's dispute resolution assets by pretending to support settlement while never intending to settle the case." *Guillory v. Domtar Indus.*, 95 F.3d 1320, 1334 (5th Cir. 1996). In *Guillory*, the Court affirmed a sanctions award against a defendant because, although it agreed to the settlement conference, its conduct showed that it never intended to reach a settlement. *Id.* Other courts have similarly noted that "[t]he failure to participate in good faith in any Rule 16 conference is a serious matter which can have serious consequences." *Schwartzman, Inc. v. U.S.*, 167 F.R.D. 694, 699 (D.N.M. 1996).

### B. The Court Should Sanction The Plaintiff For His Bad Faith Conduct

Plaintiff acted in bad faith when he failed to timely file his settlement conference memorandum with the Court. Plaintiff clearly was aware of the Settlement Conference and had received the Order. In addition, as stated by Judge Anderson, Plaintiff is a "well-educated and seemingly sophisticated *pro se* litigant." Plaintiff's actions wasted judicial time and resources, as well as those of the Defendants.

Moreover, Plaintiff's settlement conference memorandum was due November 12, 2008, the day before he requested the Settlement Conference be postponed. Therefore, any argument Plaintiff may make that he was unaware the Settlement Conference was rescheduled for December 5, 2008, has no bearing on his previous failure to file his settlement conference memorandum as required.

### C. The Fees Defendants Are Seeking Are Reasonable

When assessing the propriety of an attorneys' fees award based on the court's inherent power, the controlling question is whether the size of the award is reasonably tailored to serve its legitimate purposes. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Maher v. Gagne*, 448 U.S. 122 (1980). As noted at the outset, a fee award for conduct serves an important purpose: "mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy." *Hutto*, 437 U.S. at 689 n.14. Indeed, the fee award should be "properly tailored" to serve its legitimate purposes.

Defendants seek an award of attorneys' fees in an amount both reasonably tailored to serve this legitimate purpose as well as to make them whole for the plaintiff's improper actions. *Hensley*, 461 U.S. 424; *Maher*, 448 U.S. 122. Accordingly, Defendants seek an award of fees in the amount of $3,958.50, which encompasses attorneys' fees incurred preparing for the settlement conference, drafting the settlement conference memorandum and drafting this Motion. *See* Exhibit 4, Declaration of J. Greg Coulter.

## III. CONCLUSION

The Court is well within its discretion to use its inherent power to award the attorneys' fees requested in this matter, which are narrowly tailored to compensate

LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-5-

Defendants for their time preparing for the cancelled Settlement Conference in this matter. Based on the foregoing, Defendants respectfully request this Court grant this Motion, sanction the Plaintiff, and award Defendants the attorneys' fees they have incurred in the amount of $3,958.50.

RESPECTFULLY SUBMITTED this 19th day of December 2008

*s/ Emily M. Craiger*
J. Greg Coulter
Emily M. Craiger
LITTLER MENDELSON, P.C.
Attorneys for Defendants

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 19th day of December 2008:

Charles Okonkwo, Pro Per
2839 S. Las Palmas Circle
Mesa, Arizona 85202

*s/ Leslie Boone*_____

Firmwide:87828697.1 057229.1002

LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600