**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Charles Okonkwo, | ) | No. CV-08-0633-PHX-MHM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Glendale Union High School District, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

This matter arises on Defendants' Motion for Sanctions, docket # 41, and *pro se* Plaintiff's Motion Objecting to Judge Anderson's Order/Motion for Reconsideration for New Settlement Conference Date, docket # 38. The assigned District Judge, the Hon. Mary H. Murguia, referred these two motions to the undersigned Magistrate Judge for ruling. (docket # 42) To date, neither Plaintiff nor his new counsel have filed a response in opposition to Defendants' Motion.[1] For the reasons set forth herein, the Court will grant Defendants' Motion for Sanctions, docket # 41, and will deny without prejudice Plaintiff's Motion for Reconsideration for New Settlement Conference Date.

_____

[1] The docket reflects Plaintiff retained counsel, Tajudeen O. Oladiran, OLADIRAN & ASSOCIATES, PLC, 2525 E. Arizona Biltmore Circle, Suite D-144, Phoenix, Az 85016-2147, on or about February 12, 2009. (docket # 46)

**<u>BACKGROUND</u>**

On February 15, 2008, Plaintiff Charles Okonkwo[2] ("Okonkwo") filed an Amended Complaint in the Superior Court of Arizona, Maricopa County, against his employer, Glendale Union High School District, and others, claiming wrongful discrimination in his employment due to his race and national origin (Nigerian descent). (docket # 1, ¶ 1; Exhibit ("Exh") 1-5 at 3-11) Defendants' timely removed this case on April 2, 2008. At the Rule 16 scheduling conference on June 9, 2008, the Hon. Mary H. Murguia, referred this case to the undersigned for a settlement conference "to occur in November, 2008." (docket # 17) The undersigned's chambers issued its Settlement Conference Order, docket # 21, on July 17, 2008, setting the settlement conference four months later on November 19, 2008 at 2:00 p.m.

The Settlement Conference Order mandates, *inter alia*, "[e]ach party shall provide the Court with the original of that party's Settlement Conference Memoranda, **at least, five (5) business days before the Settlement Conference**." (docket # 21 at 4-5) (emphasis in original) "The Settlement Conference Memoranda shall **NOT** be filed with the Clerk. The original Settlement Conference Memoranda shall be delivered directly to the chambers of U. S. Magistrate Judge Lawrence O. Anderson or e-mailed to the undersigned's ECF mailbox (anderson_chambers@azd.uscourts.gov). . . ." (*Id.*) On November 12, 2008,[3] the Court received Defendants' settlement conference memorandum that fully complied with the Settlement Conference Order.

On November 14, 2008, five days before the settlement conference, Plaintiff

---

[2] Plaintiff, a highly-educated (doctorate in philosophy in chemical engineering) *pro se* litigant, has unsuccessfully claimed employment discrimination in the past. The Court's record reflects Okonkwo filed suit in this U.S. District Court in CV-01-1231-PHX-SRB. In that case, judgment was entered in favor of Defendant Arizona State University in 2003 and affirmed by the Ninth Circuit in March, 2005.

[3] The undersigned's Judicial Assistant kept detailed contemporaneous notes of the various events and conversations she had with Plaintiff and others in this case, including the date Defendants' lodged settlement conference memorandum was received.

1   filed a Motion to Continue Settlement Conference, requesting the Court "postpone the

2   Settlement Conference to some other date in December 2008 or January 2009, preferably on

3   a Friday [because] Plaintiff is out of state exploring business opportunities and also for [an

4   unexplained] important personal reason." (docket # 32)   Because Plaintiff's Motion

5   represented defense counsel had "no problem" with a continuance, the Court continued the

6   settlement conference to December 5, 2008 at 2:00 p.m.[4]  (docket # 35)

7          Before continuing the settlement conference,  the Court's Judicial Assistant

8   spoke with both Plaintiff and defense counsel by telephone to confirm that December 5th

9   was a mutually agreeable date.[5]  There is no doubt Plaintiff knew the settlement conference

10  was rescheduled to December 5, 2008 and of his obligation to timely prepare and provide

11  a settlement conference memorandum to the Court and adverse counsel in light of the

12  electronic service of the July 17 and November 19, 2008 orders to Plaintiff, the Court's

13  Judicial Assistant personally confirming the new date with Plaintiff, and defense counsel's

14  conversations and emails to Plaintiff that are attached as exhibits to Defendants' Motion

15  regarding Plaintiff's obligation to deliver a pre-settlement conference demand. (docket # 41,

16  Exh. 1-3)

17         As of  December 5, 2008, neither the Court nor defense counsel[6] had

18

19         [4] The docket reflects this order was emailed to Plaintiff's **two** separate email
20  addresses: alanbonje@gmail.com, charles_okonkwo_99@yahoo.com

21         [5] It is unclear whether Plaintiff is now denying this telephone call to informally
22  confirm the December 5th date, docket # 38, but the order entered on November 19, 2008
    clearly confirmed that December 5th at 2:00 p.m. was the new date for the settlement
23  conference. (docket # 35)  Moreover, the November 19, 2008 order "**affirm[ed]** all other
    orders contained in the undersigned's Settlement Conference Order, docket #21, except for
24  the date and time of said settlement conference." (*Id*. at 2) Any claim by Plaintiff that this
25  order was not electronically received at either of his two email addresses is not credible.

26         [6] Defendants' Motion verifies that the Court's Judicial Assistant telephoned defense
27  counsel to determine whether Plaintiff provided them with his settlement conference
    memorandum to rule out Plaintiff's inadvertent failure to provide the Court with a copy.
28  (docket # 41 at 3) They had not received one either.

received Plaintiff's settlement conference memorandum. Clearly, Plaintiff failed to comply with this Court's Settlement Conference Order which directed him to provide the Court and adverse counsel with a settlement conference memorandum, at least, five business days before the settlement conference. In the late morning of December 5, 2008, the Court vacated the settlement conference, advised defense counsel of the cancellation, and issued an order, docket # 36, stating that:

> [I]f Defendants desire to seek sanctions against Plaintiff for the fees and costs associated with the preparation for today's settlement conference, they shall file a motion for sanctions within 10 days of today's date with the assigned District Judge who may refer it to the undersigned for consideration.

(docket # 36 at 2)  Defendants' Motion for Sanctions, docket # 41, was untimely filed on December 19, 2008, four days after its due date. Because there is no prejudice to Plaintiff due to Defendants' untimely Motion, the Court will overlook its untimeliness just as the Court would have overlooked an untimely lodged settlement conference memorandum had Plaintiff provided one as late as December 4, 2008.

## MAGISTRATE JUDGE JURISDICTION

When referred by a district judge pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge has legal authority to impose non-dispositive sanctions for violations of a magistrate judge's orders. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) ($85,000 discovery sanction imposed by magistrate judge for party's obstruction of the discovery process, causing unnecessary delay and expense and wilful disobedience of magistrate judge's order is  within the authority of a magistrate judge); *Pitman v. Brinker Intern., Inc.*, 216 F.R.D. 481 (D. Ariz. 2003), *amended on reconsideration in part*, 2003 WL 23353478, * 2 (D. Ariz. 2003). This Magistrate Judge has statutory and inherent authority to impose sanctions upon Plaintiff for failing to comply with this Magistrate Judge's lawful orders.

## SANCTIONS RELATED TO SETTLEMENT CONFERENCES

Generally, "[t]hree primary sources of authority enable courts to sanction

parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927,[7] which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). Federal Rule of Civil Procedure 16, however, specifically addresses a district court's authority to conduct pretrial conferences - including settlement conferences - to manage its cases, including the imposition of sanctions. Rule 16(a)(5) and (f),[8] FED.R.CIV.P.  Although parties cannot be compelled to settle a case, a district court may compel parties and their counsel to attend a settlement conferences and to participate in negotiations in good faith. *Id*. The Ninth Circuit has specifically held that a "district court did not abuse its discretion in awarding sanctions," consisting of the opposing party's attorney's fees and costs, for a party's failure to comply with "the court's order regarding settlement conference." *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993) (party failed to have person with settlement

---

[7] Due to the statute's language, it is likely that § 1927 sanctions are applicable only to an attorney and requires a finding of bad faith. *Williams v. Giant Eagle Markets, Inc*., 883 F.2d 1184, 1191 (3d Cir. 1989).

[8] Rule 16 (f), FED.R.CIV.P., provides:
   f) Sanctions.
   (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
      (A) fails to appear at a scheduling or other pretrial conference;
      (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or
      (C) **fails to obey a scheduling or other pretrial order**.

   (2) Imposing Fees and Costs. Instead of or in addition to any other sanction, **the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule**, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Rule 16(f), FED.R.CIV.P. (emphasis added).

authority available for conference). Thus, if noncompliance with a settlement conference order is demonstrated, an award of reasonable attorneys' fees and costs is mandated unless the noncompliance was "substantially justified" or such an award would be "unjust." *Falcon Farms, Inc. v. R.D.P. Floral, Inc.*, 2008 WL 3874598, * 2 (S.D. Fla. 2008) ("Fed.R.Civ.P. 16(f)(1)(C) permits a court to issue any just order, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party fails to obey a pretrial order, such as this Court's mediation order.") Rule 37(b), FED.R.CIV.P., "places the burden on the disobedient party to avoid expenses [including an award of attorneys' fees] by showing that his failure is justified or that special circumstances make an award of expenses unjust." 1970 Advisory Committee Notes to Rule 37(b).

A district court's "inherent authority to sanction parties for failing to comply with its orders exists, in part, to prevent disobedience [of] the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." *Green v. Lisa Frank, Inc*. ___ P.3d ___, 2009 WL 303787, * 10 (Az. Ct. App. 2009) (citing *Chambers v. NASCO, Inc*., 501 U.S. 32,  44 (1991) (quoting *Young v. United States ex rel. Vuitton et Fils, S.A.*, 481 U.S. 787, 798 (1987) (internal quotation marks omitted). "The threat of sanctions promotes compliance with a court's orders even if the sanctions threatened are never imposed." *Id*. at * 11.

## DISCUSSION

Plaintiff's failure to provide the Court and adverse counsel with a settlement conference memorandum was the sole reason the settlement conference was vacated. By December 5, 2008, defense counsel had already drafted and lodged their settlement conference memorandum with the Court in compliance with the July 17, 2008 order. Thus, when it became clear that Plaintiff was not going to submit a settlement conference memorandum, it was too late for Defendants to avoid incurring the fees to prepare their settlement conference memorandum. Fortunately, the Court's staff was able to timely communicate the settlement conference's cancellation to defense counsel the morning of December 5, 2008 before Defendants' representatives and defense counsel appeared at the

1    courthouse and additional fees and costs were incurred.

2           The requirement that Plaintiff provide the Court with a settlement conference

3    memorandum is not a petty or *de minimus* one. Settlement conference memoranda provide

4    the Court with a balanced view of the facts and issues from the claimant's and defendant's

5    perspectives so that the settlement judge, usually unfamiliar with the case, may fully

6    understand and identify the disputed facts and issues and thereby conduct a more

7    meaningful settlement conference. When the Court does not receive one side's settlement

8    conference memorandum beforehand, the Court wastes valuable time during the settlement

9    conference to learn and evaluate the contested facts and issues.

10          Clearly, the July 17, 2008 Settlement Conference Order warned Plaintiff that

11   if he "fail[ed] to timely provide the settlement conference memoranda . . . the settlement

12   conference may be vacated and sanctions may be imposed pursuant to Rules 16(f) and

13   37(b)(2)[(A)(ii)-(vii)]. . . which may include . . . an award of reasonable attorney's fees and

14   expenses and/or a finding of contempt." (docket # 21 at 6) (citations omitted)  The fact that

15   Plaintiff was acting *pro se* at the time does not discharge his obligation to "abide by the

16   rules of the court in which he litigates," *Carter v. Commissioner of Internal Revenue*, 784

17   F.2d 1006, 1008 (9th Cir. 1986), and to comply with court orders.  *Ferdik v. Bonzelet*, 963

18   F.2d 1258 (9th Cir. 1992).

19           Plaintiff has not shown, and the Court's independent review does not

20   disclose, that Plaintiff's failure to lodge a court-ordered settlement conference memorandum

21   was substantially justified or that an award of reasonable attorney's fees against Plaintiff

22   would be unjust. In fact, the Court has considered a lesser "sanction" or alternative of

23   rescheduling another settlement conference but this option merely adds further delay to this

24   case which is rapidly approaching the March 13, 2009 discovery deadline. (docket # 18)

25   Moreover, recommending a dismissal sanction is overly harsh and premature. The sanction

26   of an award of attorneys' fees substantially mitigates the damage or prejudice to Defendants

27   for their wasted settlement conference efforts; underscores the importance that all parties

28   and their lawyers fully comply with court orders; furthers the public policy of favoring

1  disposition of Plaintiff's claims on their merits; and fairly measures a consequence equal

2  to Plaintiff's culpable conduct. *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d

3  337, 348 (9th Cir. 1995)  The Court finds that imposing the sanction of an award of

4  reasonable attorneys' fees related to the failed settlement conference upon Plaintiff is fair

5  and just. Defendants' Motion will be granted.

6                    **REASONABLE ATTORNEYS' FEES**

7           Defendants' Motion for Sanctions and attached Declaration under oath

8  indicate "Defendants incurred attorneys' fees in the amount of $3,958.50, preparing for the

9  Settlement Conference." (docket # 41-2; Exh. 4 at 10)  Attorney J. Greg Coulter "devoted

10  a total of 4.1 hours to preparing for the settlement conference and preparing Defendants'

11  Motion for Sanctions." (*Id.*)  He avers his reduced billing rate for representing Defendants,

12  a Public School District and its administrators, teachers and board members, is $185.00 per

13  hour for his total fees of $758.50 (4.1 x $185.00). Attorney Coulter swears under penalty

14  of perjury that he "reviewed Littler Mendelson's [Coulter's law firm] billing records for this

15  matter from October 2008 to December 2008[]" and "Associate Emily Craiger devoted a

16  total of 20 hours to preparing for the settlement conference and preparing Defendants'

17  Motion for Sanctions. Her billing rate is $160 per hour for a total of $3,200.00." (*Id.* at 10-

18  11)  Attorney Coulter further declares "[t]he legal work done during this time was

19  reasonable and necessary to prepare for the Settlement Conference." (*Id.* at 11)

20           Defense counsel does not provide a breakdown of the exact time the two

21  lawyers spent on each specific task related to their preparation for the settlement conference,

22  e.g. time spent drafting their settlement conference memorandum, time spent drafting

23  Defendants' Motion and Declaration, etc.[9] Nevertheless, based upon the undersigned's

24  combined 34 years as a trial judge and lawyer in private practice, the time of 24.1 hours

25  _____

26           [9] The District Court's Local Rule and its related requirements for recovery of
Attorneys' Fees and Related Non-taxable Expenses expressly "does not apply to claims for

27  attorneys' fees and related non-taxable expense which may be recoverable . . . for violations

28  of the Federal Rules of Civil Procedure or under 28 U.S.C. § 1927."  LRCiv 54.2(a)

1    drafting Defendants' high-quality settlement conference memorandum, organizing the

2    appropriate defense representatives to physically appear at the settlement conference, and

3    drafting their Motion and Declaration[10] is fair and reasonable. Moreover, defense counsels'

4    rates of $185.00 per hour and $160 per hour are quite reasonable in an era of significantly

5    higher hourly rates for lawyers of comparable experience and expertise. An award of

6    attorneys' fees in the sum $3,958.50 is both directly related to the failed settlement

7    conference and is fair and reasonable.

8                    Accordingly,

9            **IT IS ORDERED** that Defendants' Motion for Sanctions, docket # 41, is

10   **GRANTED**. Defendants Glendale Union High School District, et al. are hereby collectively

11   awarded fees in the sum of $3,958.50 against Plaintiff Charles Okonkwo. Plaintiff Charles

12   Okonkwo shall pay this award of fees on or before April 10, 2009.

13           **IT IS RECOMMENDED** that if the fees are not paid in full on or before

14   April 10, 2009, a separate Judgment, pursuant to Rule 58(b)(2)(B), Fed.R.Civ.P., be entered

15   in favor of Defendants Glendale Union High School District, et al. and against Plaintiff

16   Charles Okonkwo in the sum $3,958.50, plus interest at the legal rate until the Judgment is

17   paid in full.

18           **IT IS FURTHER ORDERED** that Plaintiff's Motion Objecting to Judge

19   Anderson's Order/Motion for Reconsideration for New Settlement Conference Date, docket

20   / / /

21   / / /

22   / / /

23

24   ――――――――――

25           [10] The Ninth Circuit allows for recovery of fees for attorneys' work in seeking
     attorneys' fees. Time spent preparing the fees application "must be included in calculating

26   a reasonable fee because uncompensated time spent on petitioning for a fee automatically
     diminishes the value of the fee eventually received." *Anderson v. Director, Office of Workers*

27   *Compensation Programs*, 91 F.3d 1322, 1325 (9th Cir. 1996);  *Clark v. City of Los Angeles*,

28   803 F.2d 987, 992 (9th Cir. 1986).

1 | # 38, are **OVERRULED** and **DENIED** without prejudice for the reason provided by
2 | Plaintiff's counsel during an informal telephonic conference on March 2, 2009.

3 |        **IT IS FURTHER ORDERED** that Defendants' settlement conference
4 | memorandum shall be filed under seal.

5 |        DATED this 4th day of March, 2009.

Lawrence O. Anderson
United States Magistrate Judge