**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Charles Okonkwo, | ) | No. CV-08-633-PHX-MHM |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| Glendale Union High School District, et al., | ) ) ) ) | |
| Defendant. | ) ) | |

Currently pending before the Court is Plaintiff Charles Okonkwo's Motion for Recusal, (Dkt.#62). After reviewing the relevant pleadings, the Court issues the following Order.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was employed as a teacher at the Moon Valley High School, which is one of nine high schools in the Glendale Union High School District. In April 2007, Plaintiff was terminated before his employment contract had expired. Plaintiff subsequently filed suit against Defendants Glendale Union High School District, Michael Fowler, Linda Rosness, Jennifer Johnson, Warren K. Jacobson, Vicki Johnson, Kevin Clayborn, Steve Burke, Kathy Jacka and Donna Stout for race and age discrimination under the Arizona Civil Rights Act, Title VII, 42 U.S.C. §§ 1981 and 1983, and the Age Discrimination in Employment Act, as

well as for claims of harassment, breach of contract, breach of the covenant of good faith and fair dealing, and intentional interference with contractual relations.

The instant motion to recuse was filed by Okonkwo following the retention of counsel. Okonkwo had been proceeding pro se throughout this litigation until February 17, 2009, which was when the Court granted his motion to substitute Mr. Tajudeen O. Oladiran into the case as counsel of record. On March 4, 2009, Mr. Oladiran filed a motion for a protective order, which sought to prevent Okonkwo from being deposed by the various Defendants. On March 6, 2009, the Court denied Okonkwo's motion on the grounds that the filing did not conform with this Court's Rules of Practice in Civil Cases. The Court's Rules of Practice states that the Court does not accept motions that broadly relate to civil discovery. Rather, as per the Court's Rules of Practice, parties may directly submit to the Court a "joint, written summary of the dispute, not to exceed two pages in length, outlining the position(s) taken by each party," along with "a written certification that counsel or the parties attempted to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j)." After the single filing has been transmitted by either fax or electronic mail, the parties may then contact the Court by telephone "to request a time for a telephonic conference." After the Court denied Okonkwo's motion for a protective order, the Parties never submitted a discovery dispute that conformed to the Court's Rules of Practice, nor did the Parties seek clarification on whether the Court would accept such a submission.

Instead of seeking clarification from the Court regarding any remaining discovery issues, Okonkwo filed a motion seeking the Court's recusal—as well as a motion for a ruling that Okonkwo was not legally competent while representing himself. (See Dkt.## 61,62.)

**II.    DISCUSSION**

Two statutes govern the recusal of district judges: 28 U.S.C. § 144 and 28 U.S.C. § 455(a)-(b). Section 144 applies when a party to a proceeding believes that the district judge "has a personal bias or prejudice either against him or in favor of any adverse party[.]" 28 U.S.C. § 144. "Section 144 expressly conditions relief upon the filing of a timely and

legally sufficient affidavit." United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980) (citations omitted). Specifically, the statute provides:

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. When a party files a timely and legally sufficient affidavit pursuant to § 144 that plainly sets forth a compelling case for recusal, the district judge "shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Id.; Sibla, 624 F.2d at 867. However, "if the motion and affidavit required by [§] 144 [are] not presented to the judge, no relief under [§] 144 is available." Sibla, 624 F.2d at 868.

Section 455 has two recusal provisions. The first provision, subsection (a), states that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Subsection (b) provides that any justice, judge, or magistrate shall also disqualify themselves under the following situations:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> \* \* \*
>
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> \* \* \*
>
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
> \* \* \*
>
> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

1  28 U.S.C. § 455.

Unlike section 144, section 455 "sets forth no procedural requirements." Sibla, 624 F.2d at 867-68. Instead, that section is directed towards the judge, rather than the parties, and is self-enforcing on the part of the judge. Id. Moreover, "section 455 modifies section 144 in requiring the judge to go beyond [a] section 144 affidavit and consider the merits of the [recusal] motion pursuant to section 455[]." Id. at 868. The recusal standards under § 144 and § 455 are identical, and decisions interpreting one section are controlling in the interpretation of the other. Id.

Here, Okonkwo has moved for recusal under both § 144 and § 455. Okonkwo's motion is based on several allegations. First Okonkwo claims that the Court is biased against him because it systematically ignored evidence suggesting that Okonkwo was not legally competent while proceeding through the lawsuit pro se. Okonkwo further claims that the Court's bias is demonstrated by the fact that it only permitted him to engage in 30-days of supplemental fact discovery, instead of the 60-days that he had requested, following the retention of legal counsel. Next, Okonkwo claims that the Court improperly waived the requirements of its Rules of Practice for Defendants, yet enforced those same requirements against him when denying Okonkwo's motion for a protective order. Finally, Okonkwo alleges that the Court prejudged his case by sending him to a mandatory settlement conference before Magistrate Judge Lawrence O. Anderson, which resulted in Judge Anderson imposing sanctions against Okonkwo in the amount of $3,958.50 after he failed to comply with the directives of the Court's Settlement Conference Order.

None of Plaintiff's accusations serve as a proper basis for recusal in this case. With respect to Okonkwo's claim that the Court ignored evidence that he was not legally competent, that motion is still pending before the Court and no ruling has been issued. Moreover, as defense counsel has noted, Okonkwo's competency motion was the first notification the Court has received regarding his alleged incompetence and the Court does not generally have a sua sponte obligation to inquire into the competency of pro se litigants in civil case. See Ferreli v. River Manor Health Care Center, 323 F. 3d 196, 201 (2d. Cir.

2003) ("neither the language of Rule 17(c) nor the precedent of this court or other circuits imposes upon district judges an obligation to inquire sua sponte into a pro se plaintiff's mental capacity, even when the judge observes behavior that may suggest mental incapacity").

With respect to the claims that Court is biased against Okonkwo because it only permitted him to engage in 30-days of additional fact discovery or that it prejudged his case by sending him to a settlement conference, those arguments are without merit. First, the Court had no obligation to extend the discovery deadline for any period of time in this case merely because Okonkwo hired an attorney to represent him. Therefore, there is no error in permitting 30-days of additional discovery instead of the 60-days that was requested by Plaintiff. As defense counsel notes, there is no evidence that Okonkwo or his attorney conducted any fact discovery during this enlarged 30-day period. Furthermore, at the Rule 16 Scheduling Conference the Court directed that both Okonkwo and Defendants attend a settlement conference before Judge Anderson, so it is difficult to comprehend how Plaintiff suffered a unique form of harm because of the Court's directive. It should be noted that the Court routinely refers cases for settlement conferences before Magistrate Judges, and in this case, neither Parties objected to such a referral. In addition, the fact that both Plaintiff and Defendants were ordered to attend a settlement conference is unrelated to the ensuing sanction that was imposed against Okonkwo by Judge Anderson for his failure to comply with the terms of the Court's Settlement Order.

Turning to Plaintiff's final contention, namely, that the Court waived its Rules of Practice for Defendants, that allegations is also frivolous. First, the Court's Rules of Practice specifically permit the parties or counsel to contact chambers to schedule hearing on a discovery dispute. Therefore, the simple fact that defense counsel, Ms. Emily Craiger, contacted the Court to inquire into the availability of a hearing is rather unremarkable. It should also be mentioned that while the Court permits the parties or their counsel to contact chambers to request a discovery dispute hearing, the Court retains sole discretion regarding whether it is appropriate to hold a discovery dispute hearing in any given dispute. It should

be further mentioned that no discovery dispute was ever filed with the Court, and by Plaintiff's own admission, his defense counsel declined to join in the phone call to chambers or submit a discovery dispute pursuant to its Rules of Practice. As such, this contention is without merit.

In sum, Plaintiff has not presented a sufficient basis for the Court to conclude that it is required to recuse itself under § 144 or § 455 for either bias or the appearance that its impartiality might reasonably be questioned. Okonkwo's motion for recusal must therefore be denied.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiff Charles Okonkwo's Motion for Recusal, (Dkt.#62).

DATED this 27th day of October, 2009.

_____
Mary H. Murguia
United States District Judge