**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Okonkwo,<br><br>    Plaintiff,<br><br>vs.<br><br>Glendale Union High School District, et al.,<br><br>    Defendant. | No. CV 08-633-PHX-MHM<br><br>**ORDER** |

Currently pending before the Court is Defendant the Glendale Union High School District, et al.'s Motion for Summary Judgment, (Dkt.#58), and Motion for Summary Disposition, (Dkt.#78), as well as Plaintiff Charles Okonkwo's Motion for Reconsideration, (Dkt.#86) and Motion for an Extension of Time to Find an Attorney, (Dkt.#87). After reviewing the relevant pleadings, the Court issues the following Order.

Plaintiff Charles Okonkwo filed the instant suit pro se against Defendants after his contract for employment was terminated. On June 13, 2008, the Court issued a Scheduling Order in which it noted that fact discovery would close on March 13, 2009. In the same Order, the Court directed the Parties to file their dispositive motions by April 15, 2009, or 30 days after the conclusion of fact discovery.

On February 17, 2009, approximately one month before fact discovery ended, the Court granted Plaintiff's motion to substitute Mr. Tajudeen O. Oladiran into the case as

counsel of record. On February 19, 2009, Plaintiff, through his newly acquired counsel, requested that the Court continue the case for 30 days, and enlarge fact discovery for 60 additional days. In that Motion, Plaintiff and his counsel argued that Mr. Oladiran needed time to get caught up with the case and that Mr. Okonkwo was having difficulty remembering relevant information and communicating them to counsel.

On March 4, 2009, Plaintiff filed a Motion for a Protective Order, which sought to prevent Mr. Okonkwo from being deposed due to an alleged mental infirmity. On March 6, 2009, the Court denied Plaintiff's Motion for a Protective Order on the grounds that the filing did not conform with the Court's Rules of Practice in Civil Cases, which control how a litigant may raise a discovery issue. After the Court denied Plaintiff's Motion for a Protective Order, the Parties never submitted a discovery dispute that conformed to the Court's Rules of Practice, nor did the Parties seek clarification on whether the Court would accept such a submission.

On April 15, 2009, as specified by the Court's Scheduling Order, Defendants moved for summary judgment on Plaintiff's employment discrimination claims. The next day, on April 16, 2009, the Court issued an Order granting Plaintiff's request to enlarge fact discovery by 30 days. While the Court did not grant the full relief sought by Plaintiff, i.e., 60 additional days of discovery, the Court's Order provided Plaintiff with the unusual opportunity to conduct discovery to oppose a motion for summary judgment after that motion had been filed on the Court's electronic docket and was available for Plaintiff's counsel to review. The Court further Ordered that Plaintiff would have 10 days after completion of the enlarged fact discovery deadline to file a brief in response to Defendants' Motion for Summary Judgment.

There is no record that Plaintiff's counsel attempted to conduct any fact discovery during the 30 day period of time provided by the Court. Nevertheless, at the expiration of the enlarged discovery deadline, Plaintiff, through Mr. Oladiran, filed a Motion to Recuse the Court, a Motion for a Ruling that Mr. Okonkwo Was Not Legally Competent When He Was A Pro Se Litigant, Or In The Alternative, a Motion For A Hearing To Determine Plaintiff's

Competency, and a Motion to Continue Proceedings on Defendants' Motion for Summary Judgment.

On May 18, 2009, the Court issued an Order directing that Defendants' Motion for Summary Judgment, and all associated briefing, be held in abeyance pending the resolution of Plaintiff's outstanding Motions.

On October 28, 2009, the Court denied Plaintiff's Motion for Recusal in a written Order. (See Dkt.#72). That same day, the Court conducted a hearing where it denied Plaintiff's Motion for a Ruling that Mr. Okonkwo Was Not Legally Competent When He Was A Pro Se Litigant. At the same hearing, Plaintiff's counsel declined the Court's offer to engage in extended fact discovery for an additional 30 days. After turning down this offer Plaintiff was directed to file a response to Defendants' Motion for Summary Judgement by November 25, 2009.

As of December 8, 2009, Plaintiff's counsel had yet to file a brief in opposition to Defendants' Motion. Defendants then moved the Court for summary disposition of the lawsuit in their favor. After Plaintiff's counsel failed to respond to Defendants' Motion for Summary Disposition, on February 2, 2010, the Court issued an Order to Show Cause why it should not grant Defendants' Motion for Summary Disposition and dismiss Plaintiff claims with prejudice. On February 3, 2010, one day after the Court issued its Order to Show Cause, Plaintiff requested an extension of time to file a response, and his attorney, Mr. Oladiran, requested to withdraw as counsel of record.

On February 4, 2010, the Court denied Plaintiff's request for an extension of time and denied Mr. Oladiran's Motion to Withdraw. The Court determined that it would be too prejudicial to Mr. Okonkwo's for his attorney to withdraw from the case under such circumstances. The Court again directed Plaintiff's counsel to file a response to Defendants' Motion for Summary Judgment. The Court noted that if no response was filed by 5 P.M. on Friday, February 12, 2010, the Court would be left with no choice but to dismiss Plaintiff's lawsuit in its entirety.

On February 5, 2010, Plaintiff, through his counsel, filed a Motion for Reconsideration of the Court's Order. In that Motion, Plaintiff's counsel, Mr. Oladiran, stated that he had **no intention of complying with the Court's earlier Order**: "For the reasons stated below, Counsel for Plaintiff WILL NOT comply with the Murguia 2/4/10 Order, and WILL NOT file any response on behalf of Plaintiff to Defendants' Motion for Summary Judgment on or before 5 P.M. on Friday, February 12, 2010." (See Dkt.#86, p. 2.) The Motion for Reconsideration also attempted to reargue issues that had been previously addressed by the Court, including the claim that Plaintiff was not legally competent while representing himself, that counsel for Defendants had engaged in systematic abuse of the legal system, that the Court had demonstrated a bias towards Defendants, and that Plaintiff needed a much more significant amount of time to conduct discovery than the two 30 day periods offered by the Court (the second of which was rejected by Mr. Oladiran).

On February 12, 2010, as promised, Plaintiff's counsel did not file a response to Defendants' Motion for Summary Judgment. Instead, Mr. Okonkwo, without the assistance of Mr. Oladiran, filed a pro se response to Defendant's Motion for Summary Judgment and a Motion for an Extension of Time to Find an Attorney. In the Motion for an Extension, Mr. Okonkwo argued that:

> It is Plaintiff's belief that the Judge has sided with Defendants at every step and chooses which rule to follow, even if the rule violates a higher rule or precedent, as was the issue of incompetency. It appears to Plaintiff and to most objective observers that this Judge has tried at every step to rule favorably for the Defendants, no matter the situation, even if it means discarding a higher court ruling . . .. Plaintiff doesn't believe that he could get justice from this Judge.

(See Dkt.#87, p.5.) Of course, the Court previously addressed the issue of Plaintiff's Motion for Recusal, (Dkt.#72), as well as the request to vacate all previous Court Orders due to Plaintiff's alleged mental infirmity. The Court determined that both of these arguments lacked merit.

With respect to Plaintiff's claims regarding a lack of competency, the Court determined that the procedural history of this case shows that Mr. Okonkwo repeatedly demonstrated his ability to not only understand the nature of the action but actively assist in

- 4 -

the prosecution of this lawsuit. See Kelly v. AZ Dept. of Econ. Sec., 137 P.3d 973, 978 (Ariz. Ct. App. 2006) (noting that the legal definition of incompetence is the inability to "understand the nature and object of the proceedings or assist in his or her (case)"). In addition, the Court pointed out that Magistrate Judge Anderson's March 4, 2009 Order, which sanctioned Mr. Okonkwo, specifically stated that Mr. Okonkwo is a capable and sophisticated pro se litigant. The record also plainly reveals that Mr. Okonkwo was able to file a complaint, serve Defendants, prepare for and attend a Rule 16 Scheduling Conference, and take an active role in the adversarial discovery process. This kind of behavior on the part of a pro se plaintiff in a civil suit underscores that party's ability to appreciate the legal proceedings and assist in the prosecution of the litigation. See id. at 977 (noting that a diagnosis of being mentally ill is not the equivalent of being defined as legally incompetent).

With respect to Plaintiff's Motion for Recusal,[1] the Court has already permitted Mr. Okonkwo to engage in two 30 day periods of additional fact discovery beyond the original March 15, 2009 deadline and it has continually extended Plaintiff's opportunity to file a response to Defendant's Motion for Summary Judgment. Notwithstanding this unique opportunity, Plaintiff and his attorney chose not to conduct any discovery during the first extension of time and rejected the Court's second offer.

With respect to the response in opposition to Defendant's Motion for Summary Judgment, Local Rule 83.3(c)(2) states that "[w]henever a party has appeared by an attorney, that party cannot thereafter appear or act in that party's own behalf in the cause . . . .." In addition, Local Rule 83.3(b) states that "[n]o attorney shall be permitted to withdraw or be substituted as attorney of record in any pending action except by formal written order of the

---

[1] It is also worth mentioning that Mr. Okonkwo, while represented by Mr. Oladiran, filed suit against the Court and Magistrate Judge Lawrence O. Anderson, as well as opposing counsel in this action, for allegedly violating his civil rights throughout the prosecution of this lawsuit. See Okonkwo v. Murguia, et al., CV-09-2604-JWS-PHX. The case was ultimately dismissed, and Judge John Sedwick issued an order to show cause why Mr. Oladiran should not be subject to sanctions for filing the suit. (See id. at Dkt.#13.)

Court . . ..." In its February 4, 2010 Order, the Court clearly denied Mr. Oladiran's request to withdraw as counsel of record from this action before filing a long overdue response to Defendants' Motion for Summary Judgment. Not only did Mr. Oladiran fail to file a responsive brief on behalf of his client, but his Motion for Reconsideration demonstrates an astonishing lack of respect for the legal system. Because filing a pro se response while being represented by counsel violates the Local Rules of this District, the Court will strike from its docket Mr. Okonkwo's response brief, as well as his Motion for an Extension of Time to Find an Attorney.

Because counsel for Plaintiff has failed to comply with the Court's Order concerning the filing of a response brief, the Court must consider the consequences of such action. Although disfavored, the Ninth Circuit has held that a court may dismiss a lawsuit for a party's failure to comply with a district court's order. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citing Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). When determining whether dismissal for failure to comply with a court order is appropriate, the district court weighs five factors "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Id.

After considering the relevant factors, the Court finds that dismissal of Mr. Okonkwo's lawsuit is warranted. Defendants' Motion for Summary Judgement has been pending since April 2009 without a response. The delay in this case since November 25, 2009 is solely attributable to Mr. Oladiran's inability to file a responsive brief and his refusal to follow the Court's clear instructions. While the Court acknowledges that there is a strong public policy in favor of resolving cases on the merits, see Raiford v. Pounds, 640 F.2d 944, 945 (9th Cir. 1981), the behavior on the part of Plaintiff's counsel has been egregious, and the record clearly demonstrates that the Court has gone to great lengths to make sure that this lawsuit could be adjudicated on the merits. On February 2, 2010, the Court stated in no uncertain terms that if Mr. Oladiran did not file a response to Defendants' Motion for

- 6 -

1 Summary Judgment by February 12, 2010, his client's case would be dismissed. Mr. Oladiran responded to the Court's directive by defiantly stating that he had no intention of filing anything on his client's behalf, as instructed. Certainly, Mr. Oladiran must have been aware that his refusal would result in a dismissal.[2]

Furthermore, the tone and substance of Mr. Oladiran's most recent filings have convinced the Court that sanctions less severe than dismissal would be ineffective. Mr. Oladiran has matter-of-factly stated that "Counsel for Plaintiff WILL NOT comply with the Murguia 2/4/10 Order, and WILL NOT file any response on behalf of Plaintiff to Defendants' Motion for Summary Judgment." The Court cannot not permit Mr. Oladiran's defiance to serve as grounds for his withdrawal as counsel of record. Short of holding Mr. Oladiran in contempt until he produces a responsive brief, dismissal is the only other appropriate sanction.

**Accordingly,**

**IT IS HEREBY ORDERED** striking Mr. Okonkwo's pro se filings made on February 12, 2010. (Dkt.##87,88.)

**IT IS FURTHER ORDERED** denying as moot all other pending motions. (Dkt.##58,78,86,90.)

**IT IS FURTHER ORDERED** dismissing Charles Okonkwo's Complaint in its entirety for failing to comply with an Order of the Court.

/ / /

---

[2]The Court notes that Mr. Okonkwo cannot be classified as a simple bystander to his lawyer's misconduct, as his February 12, 2010 pro se filings essentially restate the same accusations of judicial misconduct, unfair litigation practices and mental incompetency that his counsel has been making throughout this litigation.

**IT IS FURTHER ORDERED** directing the Clerk of the Court enter judgment accordingly.

DATED this 25th day of February, 2010.

Mary H. Murguia
United States District Judge