**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Okonkwo, | No. CV-08-633-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Glendale Union High School District, et al., | |
| Defendant. | |

Currently pending before the Court are Defendants Glendale Union High School District, et al.'s Motion for Attorneys' Fees, (Dkt.#95), and Defendants' Motion for Entry of Judgment, (Dkt.#94), as well as Plaintiff Charles Okonkwo's Motion for Reconsideration/and or Motion to Vacate the Court's February 25, 2010 Order, (Dkt.#100). After reviewing the record and determining oral argument unnecessary, the Court issues the following Order.

There is no need to go through the history of this lawsuit in much detail for purposes of the instant Order. Due to his attorney's continuous refusal to follow this Court's clear instructions, on February 25, 2010, the Court issued an Order dismissing Plaintiff's lawsuit in its entirety. (Dkt.#91). Defendants have now moved the Court for an award of attorneys' fees based on their successful defense of Mr. Okonkwo's lawsuit, which alleged claims of

federal employment discrimination under Title VII, 42 U.S.C. § 1981, 42 U.S.C. § 1983, the Age Discrimination in Employment Act, and state law claims for breach of the covenant of good faith and fair dealing, harassment, breach of contract, and tortuous interference with a contractual agreement. Defendants have requested fees in an amount totaling $32, 707.80, although they argue that the actual amount of fees incurred in defense of this lawsuit accounts for more than $54,500.00.

While Defendants are potentially entitled to recover attorneys' fees based on Plaintiff's unsuccessful state law claims as well as his unsuccessful federal claims, Defendants have chosen to move for an award of fees under Arizona law alone. To this end, A.R.S. § 12-341.01 permits a prevailing party to recover reasonable attorneys' fees "[i]n any contested action arising out of a contract, express or implied." See A.R.S. § 12-341.01. Attorneys' fees are also recoverable under the statute for certain tort claims that are "interwoven" with a contract or "arise out" of the parties contractual relationship. See Ramsey Air Meds, L.L.C. v. Cutter Aviation, Inc., 6 P.3d 315, 318 (Ariz. Ct. App. 2000). There is no dispute that Plaintiff's claims for breach of the covenant of good faith and fair dealing, harassment, breach of contract, and tortuous interference with a contractual agreement fall within this rule and are subject to a recover of fees under A.R.S. § 12-341.01. Nelson v. Phoenix Resort Corp., 888 P.2d 1375, 1388 (Ariz. App. 1994) (terminated employee's unsuccessful claim for breach of covenant of good faith and fair dealing arose from contract and, thus, the court awarded defendant attorneys' fees); Barrow v. Ariz. Bd. of Regents, 761 P.2d 145, 154 (Ariz. App. 1988) (award of attorneys' fees to defendant was appropriate with regard to plaintiff's interference with contract cause of action).

A variety of factors are considered in reviewing a request for attorneys' fees under A.R.S. § 12-341.01. See Wilcox v. Waldman, 744 P.2d 444, 450 (Ariz. Ct. App. 1987). The factors include: (1) the merits of the claim or defense presented by the unsuccessful party; (2) whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result; (3) whether assessing fees against the unsuccessful party would cause extreme hardship; (4) whether the successful party prevailed

1  with respect to all of the relief sought; (5) the novelty of the legal question presented; (6)
2  whether the successful party's claim or defense was adjudicated previously in this
3  jurisdiction; and (7) whether an award would discourage other parties with tenable claims
4  or defenses from litigating or defending legitimate contract issues. Dometri Invs., LLC v.
5  Lind (In re Estate of Parker), 177 P.3d 305, 312 (Ariz. Ct. App. 2008) (citing Scottsdale
6  Mem'l Health Sys., Inc. v. Clark, 791 P.2d 1094, 1098 (Ariz. Ct. App. 1990).

After considering the relevant factors, the Court cannot authorize an award of attorneys' fees, given the highly irregular nature of the facts presented here. The Court is not aware, and Defendants have not cited to, an analogous case in Arizona where an award of attorneys' fees was permitted against a party whose lawsuit was subject to dismissal based on his attorney's misconduct. Although the Court has serious reservations as to the substantive merits of Mr. Okonkwo's claims, there has not any been findings made with respect to the underlying merits. Without going over the entire history of this lawsuit in yet another Order, (See Dismissal Order, Dkt.#91), the Court must point out that the record is replete with evidence of Mr. Okonkwo's attorney's bizarre behavior and gross incompetence. On more than one occasion, the Court granted Mr. Okonkwo's attorney additional time to conduct discovery on his client's behalf, yet there is nothing to indicate that any supplemental discovery took place. Mr. Okonkwo's attorney was repeatedly ordered by the Court to file a brief in response to Defendants' summary judgment motion, yet no brief was filed. In fact, Mr. Okonkwo's attorney's behavior in this and other cases was so troubling that another Judge in the District of Arizona entered an order to show cause whether he should be disbarred from practice within the District. See Oladiran v. SunTrust Mortgage, No. CV-09-01471-PHX-GMS, (Dkt.#78).

While "the strong policy underlying the Federal Rules of Civil Procedure favor[s] decisions on the merits," Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986), for a variety of reasons not all cases are capable of being resolved on the merits. In many instances, the lack of a merits based disposition does not necessarily preclude a court from granting attorneys' fees to the prevailing party. However, in a case like this, where a previously pro

se plaintiff hires a lawyer who engages in misconduct so widespread and severe that the Court has little choice but to dismiss plaintiff's complaint in its entirety, an award of attorneys' fees would be both unfair and unjust.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Defendant Glendale Union High School District, et al.'s Motion for Attorney Fees. (Dkt.#95).

**IT IS FURTHER ORDERED** denying Plaintiff Charles Okonkwo's Motion for Reconsideration/and or Motion to Vacate the Court's February 25, 2010 Order. (Dkt.#100).

**IT IS FURTHER ORDERED** granting Defendants' Motion for Entry of Judgment. (Dkt.#94).

**IT IS FURTHER ORDERED** directing the Clerk to issue a separate Entry of Judgment to reflect Judge Anderson's March 4, 2009 Order sanctioning Plaintiff. (See Dkt.#51, p. 8-10). The separate Entry of Judgment shall be in favor of Defendants Glendale Union High School District, Michael Fowler, Linda Rossness, Jennifer Johnson, Warren K Jacobson, Vicki Johnson, Kevin Clayborn, Steve Burke, Kathy Jacka, and Donna Stout. The Judgment shall be against Plaintiff Charles Okonkwo, and shall be for the sum of $3,958.50, plus interest at the legal rate until the Judgment is paid in full.

DATED this 17th day of May, 2010.

_____
Mary H. Murguia
United States District Judge